UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARABET ALEXAN DANIEL,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 10-4825-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On July 7, 2010, Garabet Alexan Daniel ("Plaintiff" or "Claimant" or "Daniel") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance and Supplemental Security Income benefits. The Commissioner filed an Answer to the Complaint on January 13, 2011. On July 21, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff Daniel is a 48 year old male who filed applications for Social Security Disability Insurance and Supplemental Security Income benefits on November 27, 2006, alleging disability beginning December 20, 2005. (AR 11.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 13.)

Plaintiff's claims were denied initially on March 29, 2007. (AR 11.) Plaintiff filed a timely request for a hearing, which was held on August 26, 2008, in Pasadena, California, before Administrative Law Judge ("ALJ") James D. Goodman. (AR 11-21.) Plaintiff appeared and testified. (AR 11.) Plaintiff was represented by counsel. (AR 11.) The ALJ issued a decision denying benefits on September 25, 2008. (AR 11-21.)

Subsequent to the ALJ's decision, Plaintiff was found disabled as of October 31, 2008, the date of a subsequent application. (AR 2.) Plaintiff then requested review of the September 25, 2008, decision on his first application. (AR 7.) The Appeals Council, however, denied Plaintiff's request for review on April 27, 2010. (AR 1-3.) The Appeals Council stated that it had considered the October 31, 2008, grant of benefits on the second application but found that it did not warrant a change in the September 25, 2008, ALJ decision on the first application. (AR 2.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether remand is warranted for consideration of onset pursuant to Social Security Ruling 83-20.

2. Whether remand is warranted for the ALJ's failure to properly consider the severity of Plaintiff's mental impairment.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114

4

(9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 20, 2005, the alleged onset date. (AR 13.)

At step two, the ALJ found that Plaintiff has the medically determinable severe impairments of hypertension, diabetes and obesity. (AR 13.) At step three, however, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (Ar 17.)

The ALJ then found that Claimant had the residual functional capacity to perform the full range of medium work. (AR 18.)

At step four, the ALJ found that Claimant is capable of performing his past relevant work as a diamond setter. (AR 20.)

Hence, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (AR 20.)

## DISCUSSION

The September 25, 2008, ALJ decision and April 27, 2010, Appeals Council decision must be reversed and remanded under 42 U.S.C. § 405(g). The Court cannot determine whether the September 25, 2008, ALJ decision is reconcilable with the October 28, 2008, grant of benefits based on the record before the Court. The Appeals Council, in finding that the subsequent grant of benefits did not warrant alteration of the September 25, 2008, denial of benefits, failed to explain the basis for its finding or to provide a record sufficient for this Court to evaluate the correctness of its decision.

### A. Background

This case concerns Plaintiff Daniel's alleged mental impairment, which the ALJ did not find severe or credible. Daniel had a successful jewelry business and owned several homes. (AR 191.) When Daniel's wife announced she was divorcing him, he doused himself with gasoline but did not set himself on fire. (AR 191.) His wife obtained a restraining order and, when he violated it, Daniel served 10 months in jail. (AR 192.) Daniel became depressed over the loss of his marriage, children and property and has received psychotropic medications. (AR 13, 193-95.)

There were several conflicting psychiatric/psychological opinions in the record regarding Daniel's mental condition. On March 14, 2007, psychiatrist Dr. William Goldsmith diagnosed Daniel with major depression with psychotic features, and in need of psychiatric care. (AR 14, 194-95.) He assessed Daniel with a Global Assessment of Functioning (GAF) score of 48, indicative of serious symptoms. (AR 14.) On March 27, 2007, Dr. Raffi Tashjian, a State reviewing psychiatrist, made the same diagnosis of major depression with psychotic features. (AR 205.) She found Daniel to have moderate difficulties with social functioning and limited him to simple, repetitive tasks with a minimal social contact. (AR 205-215.)

The ALJ conceded that the above assessments of Plaintiff's mental condition would meet the definition of severe. (AR 14.) The ALJ, however, discounted much of this evidence because of concerns with Plaintiff's credibility. (AR 14-15.) Additionally, Claimant was uncooperative with testing done by psychologist Dr. Lou Sherill. (AR 15.) Dr. Sherill concluded that Claimant had only occupational and relational problems, not a psychiatric diagnosis. (AR 15.) The ALJ was not persuaded that Daniel had legitimate psychiatric symptoms. (AR 15.)

Dr. George Sabounjian began treating Plaintiff in January 2008. (AR 450-56.) In a May 29, 2008, mental RFC, Dr. Sabounjian noted marked limitations and opined that Claimant is "incapable of working in any type of setting. He is unable to adapt to stresses

common to the work environment including attendance and schedule." (AR 368.) By this assessment, Claimant's psychiatric symptoms were not only severe but listing level severe and disabling. (AR 15.) The ALJ, however, rejected Dr. Sabounjian's opinion as not sufficiently longitudinal and undermined by Plaintiff's lack of credibility. (AR 16.) In another evaluation on December 18, 2008 (AR 458-61), after the ALJ decision, Dr. Sabounjian indicated the same diagnosis of plaintiff as before (AR 460): "due to his mental illness he cannot maintain any job." (AR 460.) Dr. Sabounjian reported that Daniel has not responded well to medication and his prognosis is poor. (AR 460-61.) This latter report was not available to the ALJ but was available to the Appeals Council.

    Other medical opinions include those of Dr. Bruce Sutkus, a psychologist who evaluated Plaintiff in 2006 when he was in jail. (AR 415-17.) He found no evidence of hallucinations or delusions, nor was Daniel suicidal or homicidal, but Dr. Sutkus found that Daniel does have a temper problem and low frustration tolerance. (AR 417.) Dr. Sutkus recommended anger management training as a condition of his probation. (AR 417.)

    On July 23, 2007, Dr. Estelita Colica at Glendale Adventist diagnosed Daniel with "schizoaffective disorder versus bipolar, depressed, with psychotic features" and mixed personality disorder. (AR 328.) She assessed Claimant with a GAF score of 20, indicative of someone who is a danger to himself and to others. In February 2008, the Los Angeles County Department of Mental Health also diagnosed Daniel with major depressive disorder, severe, with psychotic features and a GAF score of 35 indicative of major psychotic features. (AR 14.) She prescribed Seroquel. (AR 14, 328.)

    In reviewing the medical and other evidence, the ALJ determined that Plaintiff was not credible. (AR 13-20.) The ALJ stated, "I must conclude that more than brief situational depression has not been established to a reasonable degree of medical certainty. (AR 13-14.) The ALJ, based on inconsistencies in the record, found Plaintiff to be "an individual fabricating stories in an effort to obtain disability benefits." (AR 16.)

The ALJ's decision denying Plaintiff benefits on his first application is dated September 25, 2008. Daniel, however, was determined to be disabled as of October 28, 2008, a little over a month later. The ALJ obviously did not have the benefit of the October 28, 2008, decision granting Plaintiff benefits but the Appeals Council did. On April 27, 2010, the Appeals Council upheld the September 25, 2008, decision as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> Also, the Appeals Council considered the fact that since the date of the Administrative Law Judge's decision, you were found to be under a disability beginning October 31, 2008, based on the application(s) you filed on October 31, 2008; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision.

(AR 12.)

Plaintiff seeks remand to consider the effect of the October 31, 2008, grant of benefits on the September 28, 2008, ALJ decision.

**B.  Relevant Law**

The Ninth Circuit recently reaffirmed the principle that remand is appropriate under 42 U.S.C. § 405(g) on a showing of new evidence which is material.[1] Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010). The Court held that new evidence is material when "'it bears directly and substantially on the matter in dispute', and if there is a 'reasonable possibility

---

[1] On judicial review of ALJ findings, Section 405(g) provides in relevant part:
The Court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence that is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

8

that the new evidence would have changed the outcome of the . . . determination,'" citing Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001), and Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984).

Luna, which neither party here acknowledges, specifically held that a subsequent decision granting benefits was new and material evidence warranting remand of a first application denial. Luna, 623 F.3d at 1034. Luna relied on two out of Circuit cases holding that an award based on an onset date in immediate proximity to an earlier denial is worthy of further scrutiny. Id., citing Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D. W.Va. 2003) (less than a week); Bradley v. Barnhart, 463 F. Supp. 2d 577, 580-81 (S.D. W.Va. 2006) (one day). In Luna, the timeline was one day. Luna, 623 F.3d at 1034. The Ninth Circuit commented, "The 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." Id. at 1034.

Luna also distinguishes Bruton, relied on heavily by the Commissioner here. Id. at 1035. Luna noted that Bruton was a case where the two decisions were easily reconciled because the second, successful application involved "different medical evidence, a different time period, and a different age classification." Bruton, 268 F.3d at 827. That was not true in Luna where the Court "could not conclude based on the record before us whether the decisions concerning Luna were reconcilable or consistent." Luna, 623 F.3d at 1035. Luna may have presented new evidence or some other reason might explain the change; given the uncertainty, the proper remedy for an inadequate record was to remand for further fact finding. Id. See also Pereira v. Astrue, 2011 WL 251455, at *2 (D. Ariz. Jan. 26, 2011) (adopting and following Luna).

**C.  Analysis**

The ALJ decision did not have the benefit of Dr. Sabounjian's December 2008 evaluation or the subsequent decision granting benefits as of October 28, 2008. The

Appeals Council knew of this evidence but did not believe it would warrant a change in the September 25, 2008, decision. (AR 1-2.)

The Appeals Council, however, does not explain its decision. The decision to grant benefits as of October 28, 2008, was not made part of the record, nor was the medical evidence that was the basis of the grant submitted in this case. There is no record to indicate on what basis benefits were awarded or whether some of the same evidence such as Dr. Sabounjian's December 2008 evaluation was considered. If the successful application was based on mental impairments and Dr. Sabounjian's continuing treatment, and/or a different result was reached as to Daniel's credibility, then the two decisions would not be easily reconciled and there is a "reasonable possibility" that the outcome of Plaintiff's first application might be different. This case differs somewhat from Luna in that the period from the denial to the first application to the onset date of the second application is 33 days, not a week or a day as in Luna and the cases it cites. Nonetheless, 33 days would not preclude conflict if the favorable decision is based on Plaintiff's mental impairments and credibility which have been an issue since at least 2006. The salient point is that there is no record for this Court to review the correctness of the Appeals Council's decision.

The Commissioner's reliance on Bruton is misplaced. In Bruton, apparently there was a record that permitted the District Court to find that the prior benefit denial was easily reconcilable with the subsequent benefit grant, based on different medical evidence, a different time period and a different age classification. Bruton, 268 F.3d at 827. Here, the Court has no record to enable it to reach such a conclusion, and no basis for concluding that the benefit grant is reconcilable or based on different issues and medical evidence. In particular, the Court thinks it reasonably possible that Dr. Sabounjian's December 2008 evaluation was part of the medical evidence for the second application.

The Commissioner argues that it was Plaintiff's burden to prove disability during the relevant time period, and that Plaintiff failed to provide conclusive evidence as to the basis of the benefit grant. Yet Luna makes clear that a subsequent benefit grant with an onset date in close proximity to an earlier benefit denial can constitute new and material evidence

warranting remand and, more to the point here, particularly where there is uncertainty due to the lack of an adequate record. Luna, 623 F.3d at 1035. The Appeals Council chose to consider the benefit grant but then failed to provide any explanation or supplement the record to make it possible for this Court to review the correctness of the Appeals Council's discounting of the benefit grant. That plainly was error under Luna.

Plaintiff asserts as a second issue that the ALJ improperly rejected the opinion of Dr. Sabounjian, the treating physician. The Court, however, believes that it is premature to resolve this issue at this time, without first knowing whether the benefit grant decision credited Dr. Sabounjian and/or reached a different conclusion about Claimant's credibility.

On remand, the Appeals Council and/or ALJ are instructed to address the October 28, 2008, benefits grant, incorporate the decision and medical evidence from that case into this case, and provide reasons why the benefits grant should have no bearing on this case if that is the Commissioner's continuing position.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 9, 2011        */s/ John E. McDermott*
                                           JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE